## UNITED STATES DISTRICT COURT
### District of New Jersey

UNITED STATES OF AMERICA

v.

LLOYD RANSOM, JR.

Defendant.

CASE NUMBER   2:18-MJ-09181-ARM-1

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, LLOYD RANSOM, JR., was represented by Law Office of Michele Finizio.

On motion of the United States, the court has dismissed Possession of Drug Paraphernalia (7701590); Possession of OxyContin (7701597); and Possession of Oxycodone (7701600).

The defendant pleaded guilty to Possession of Ecstasy and Possession of Marijuana on October 4, 2018. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Violation Number(s) |
|---|---|---|---|
| 21 USC 844 | Possession of Ecstasy | July 21, 2018 | 7701598 |
| 21 USC 844 | Possession of Marijuana | July 21, 2018 | 7701599 |

As pronounced on January 24, 2019, the defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a total special assessment of $50.00, which shall be due immediately. Said special assessment shall be made payable to the Central Violations Bureau.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this 31st day of January, 2019.

CERTIFIED TO BE A TRUE COPY

_signature_
Anthony R. Mautone
United States Magistrate Judge

_signature_
Anthony R. Mautone
United States Magistrate Judge

08015

Judgment - Page 2 of 6

Defendant: LLOYD RANSOM, JR.
Case Number: 2:18-MJ-09181-ARM-1

# PROBATION

You are hereby sentenced to probation for a term of 2 years for Possession of Ecstasy and 2 years for Possession of Marijuana. Said terms to run concurrent.

While on probation, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the standard conditions that have been adopted by this court as set forth below.

You must submit to one drug test within 15 days of commencement of probation and at least two tests thereafter as determined by the probation officer.

If this judgment imposed restitution, you must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. You must pay the assessment imposed in accordance with 18 U.S.C. §3013. If this judgment imposed a fine, you must pay in accordance with the Schedule of Payment sheet of this judgment. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the following special conditions:

ALCOHOL/DRUG TESTING AND TREATMENT

You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.

FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

LIFE SKILLS/EDUCATION

As directed by the U.S. Probation Office, you must participate in and complete any educational, vocational, cognitive or any other enrichment programs offered by the U.S. Probation Office or any outside agency or establishment while under supervision.

Defendant: LLOYD RANSOM, JR.
Case Number: 2:18-MJ-09181-ARM-1

## MOTOR VEHICLE COMPLIANCE

You must not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You must comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office.

## SUPPORTING DEPENDENTS

If you are Court-ordered to make child support payments or to make payments to support a person caring for a child, you must make the payments and comply with the other terms of the order.

Judgment - Page 4 of 6

Defendant: LLOYD RANSOM JR.
Case Number: 2:18-MJ-09181-ARM-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Judgment - Page 5 of 6

Defendant: LLOYD RANSOM JR.
Case Number: 2:18-MJ-09181-ARM-1

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____
              Defendant                                                              Date


_____
U.S. Probation Officer/Designated Witness                       Date

Defendant: LLOYD RANSOM JR.
Case Number: 2:18-MJ-09181-ARM-1

## FINE

The defendant shall pay a fine of $1,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in monthly installments of no less than $50.00, to commence 30 days after the date of this judgment, to the Central Violations Bureau, P.O. Box 71363, Philadelphia, PA 19176-1363.

This amount is the total of the fines imposed on individual counts, as follows: $500 (Possession of Ecstasy) and $500 (Possession of Marijuana).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.